UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERMIN OLIVAS, | ) | 1:10-CV-00897 OWW GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| RANDY GROUNDS, | ) | [Doc. #17] |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on June 20, 2006, of second degree burglary, grand theft, and possession of stolen property. On July 26, 2006, Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District. On February 28, 2008, the appellate court reversed Petitioner's conviction on the stolen

---

[1] This information is derived from the documents lodged by Respondent with his response.

property count, but affirmed the judgment in all other respects.  Petitioner filed a petition for review in the California Supreme Court.  The California Supreme Court summarily denied the petition on May 14, 2008.

Petitioner then filed four petitions for writ of habeas corpus in the state courts, as follows:

1. Kings County Superior Court
   Filed: May 5, 2009[2];
   Denied: July 6, 2009;

2. California Court of Appeal, Fifth Appellate District
   Filed: August 26, 2009;
   Denied: October 1, 2009;

3. California Supreme Court
   Filed: October 20, 2009;
   Denied: April 14, 2010;

4. Kings County Superior Court
   Filed: April 12, 2010;
   Denied: June 25, 2010.

(See Resp't's Lodged Docs. 9-16.)

On May 14, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.  On October 22, 2010, Respondent filed a motion to dismiss the petition for violating the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) and for failure to exhaust state remedies.  Petitioner filed an opposition on January 13, 2011.  Respondent filed a reply on January 24, 2011.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

---

[2] Pursuant to the mailbox rule, the Court will deem the petitions filed on the dates set forth in the proofs of service, if they are provided. Houston v. Lack, 487 U.S. 266, 276 (1988).

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for failure to exhaust state remedies. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 14, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

>   other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Supreme Court denied the petition for review on May 14, 2008. Thus, direct review concluded on August 12, 2008, when the ninety (90) day period for filing a petition for writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations commenced on the following day, August 13, 2008, and expired one year later on August 12, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). In this case, Petitioner delayed filing the instant petition until May 14, 2010, exceeding the due date by nine months. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

As previously stated, the statute of limitations began to run on August 13, 2008. Petitioner filed his first state habeas petition within the limitations period on May 5, 2009. The state court

denied the petition finding it untimely.  The court stated that "there has been an unjustified *substantial delay* by Petitioner in seeking habeas relief in connection with his claims." (See Resp't's Lodged Doc. 10.)  The court also cited to In re Clark, 5 Cal.4th 750, 782-787 (1993), which refers to California's untimeliness rule.  Because the petition was determined to be untimely, the petition was not properly filed for purposes of statutory tolling. 28 U.S.C. § 2244(d)(2).  Therefore, the petition did not operate to toll the limitations period, and the period expired on August 12, 2009.  Petitioner's subsequent state habeas petitions were filed after the limitations period had already expired. Thus, they could have no tolling effect.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In his opposition, Petitioner claims that California's time limits are not adequately and consistently applied.  He argues the Court should consider his state petition to be properly filed despite the state court finding of untimeliness.  As correctly argued by Respondent, whether a state's procedural bar is adequate or consistently applied is not relevant to whether the state petition was properly filed. See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010); Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009).

Petitioner also contends the appellate court was the last reasoned decision on the merits.  This argument is also without merit.  Petitioner's pleading to the appellate court was titled "Response to Denial of Writ of Habeas Corpus by Judge James La Porte." (See Resp't's Lodged Doc. 11.)  The court construed it as a request to review the superior court's decision.  The appellate court denied the request for review as "conclusional" and stated that it "does not review superior court rulings on habeas petitions. (*Matter of Zany*, (1913) 164 Cal. 724, 726-727.)"  The appellate court's ruling had no effect on the state court determination of untimeliness.

Accordingly, Petitioner is not entitled to statutory tolling, and the federal petition remains untimely.

B.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

*citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Petitioner argues he should be granted equitable tolling because he relied on his appellate counsel's statement that his federal petition was due one year and ninety days after the California Supreme Court denied the petition for review. He attaches a letter from appellate counsel wherein Petitioner was advised to file a federal habeas petition "no later than August 8, 2009." (<u>See</u> Pet'r's Opposition at 10.) Petitioner fails to explain why he delayed filing his federal petition until May 14, 2010, despite warnings from counsel that he needed to file his federal petition by August 8, 2009, for it to be considered timely. Therefore, Petitioner is not entitled to equitable tolling and the petition remains untimely.

<u>III.  Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992) (factual basis).

In this case, Respondent argues that Petitioner's sixth claim for relief as well as two subparts to his fifth claim for relief were not raised to the California Supreme Court and are therefore

unexhausted. Respondent is correct. These claims were not presented to the California Supreme Court in either the petition for review or petition for writ of habeas corpus. The petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **February 9, 2011**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE